**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**AMENDED**
**CIVIL RIGHTS COMPLAINT**

SEP 2 2 2005

United States District Court
District of Connecticut
FILED AT        BRIDGEPORT
September      20 05
Kevin F. Rowe, Clerk
By Mary E. Rowe
    Deputy Clerk

MR. SALA-THIEL THOMPSON
Federal #42233004/State #318058,
Plaintiff(s),
(Full name(s) and prisoner number(s) if incarcerated)
(Do not use *et al.*)

v.

THERESA C. LANTZ, I/O
WAYNE CHOINSKI, I/O
LYNN MILLING, I/O
FRED LEVESQUE, I/O
FEDERAL BUREAU OF PRISONS, I/O
HARLEY G. LAPPIN, I/O
HARRELL WATTS, I/O
Defendant(s).
(Full name(s) and capacity, <u>e.g.</u>, official capacity, individual capacity,
or official and individual capacitites) (Do not use *et al.*)

Case No. 3:04-CV-2084-AWT

[ JURY TRIAL DEMANDED ]

### A. PARTIES

1. SALA-THIEL THOMPSON _____ is a citizen of legal residence: Florida who
   (Plaintiff)                                              (State)
presently resides at Cheshire C.I. 900 Highland Avenue, Cheshire, CT. 06410.
              (mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: 42233004 / 318058 .

2. Defendant THERESA LANTZ _____ is a citizen of CONNECTICUT
          (name of first defendant)                        (State)
whose address is 24 Wolcott Hill Road: Wethersfield, CT. 06109 ,
and who is employed as COMMISSIONER, DEPT. OF Corrections/DOC.

DEFENDANTS' NAMES AND CAPACITITES

G.L. HERSHBERGER, I/O
RICHARD RALL, I/O
THOMAS. C. WILSON. I/O
MARK W. STRANGE. I/O
STEVEN PHILIPPI, I/O
JAMES DBURENDA. I/O

(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?  ✓ Yes ____No.  If your answer is "Yes," briefly explain:

EMPloyed by the State OF Connecticut

3. Defendant Wayne Choinski is a citizen of Connecticut
(name of second defendant) (State)

whose address is 287 Bilton Road; Northern C.I.; Somers, CT. 06071

and who is employed as Warden, Northern C.I. D.O.C.
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ____Yes ____No.  If your answer is "Yes," briefly explain:

EMPloyed by the State OF Connecticut

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES."  Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

✓   42 U.S.C. § 1983 (applies to state prisoners)

✓   **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3).  (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

18 U.S.C. § 241; 21 U.S.C. § 963; 28 U.S.C. § 1367(a); 28 U.S.C. § 2201 - 2202; Rules 57 & 65 Fed. R. Civ. Pro.; 28 U.S.C. § 1361; 42 U.S.C. § 1988 - and any other corresponding Jurisdiction the court is cognizant of.

"ADD PARTIES"

**4Ø.** Defendant __LYNN MILLING__ is a citizen of __CONNECTICUT__
(name of second defendant)                                                    (State)

whose address is __MacDougal-Walker C.I. ; 1153 E. Street South ; Suffield. CT. 06078__

and who is employed as __MAJOR. Interstate Compact Office . D.O.C .__
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __✓__Yes _____No. If your answer is "Yes," briefly explain:

__Employed by the State of Connecticut .__

---

**5Ø.** Defendant __FRED LEVESQUE__ is a citizen of __CONNECTICUT__
(name of second defendant)                                                    (State)

whose address is __MacDougal-Walker CI. ; 1153 E. Street South ; Suffield. CT. 06078 ;__

and who is employed as __DIRECTOR. Interstate Compact Office . D.O.C .__
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __✓__Yes _____No. If your answer is "Yes," briefly explain:

__Employed by the State of Connecticut .__

---

**6Ø.** Defendant __JAMES DZURENDA__ is a citizen of __CONNECTICUT__
(name of second defendant)                                                    (State)

whose address is __50 Nunnawauk Rd. , Newtown . CT. 06470 .__

and who is employed as __WARDEN - GARNER C.I . D.O.C .__
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __✓__Yes _____No. If your answer is "Yes," briefly explain:

__Employed by the State of Connecticut .__

## A. PARTIES

**1.** Defendant MARK. W. STRANGE is a citizen of CONNECTICUT
(name of second defendant)                                      (State)

whose address is 944 HIGHLAND AVENUE; CHESHIRE, CT. 06410.

and who is employed as DISTRICT ADMINISTRATOR, SOUTH DISTRICT OFFICE, D.O.C.
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of state law? ✓ Yes ____ No. If your answer is "Yes," briefly explain:

EMPLOYED BY THE STATE OF CONNECTICUT

---

**2.** Defendant FEDERAL BUREAU OF PRISONS is a citizen of WASHINGTON, D.C.
(name of second defendant)                                      (State)

whose address is HOLC BUILDING, WASHINGTON, D.C. 20534

and who is employed as ADMINISTRATION - U.S. DEPARTMENT OF JUSTICE
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of state law? ✓ Yes ____ No. If your answer is "Yes," briefly explain:

AGENCY EMPLOYED BY THE UNITED STATES FEDERAL GOVERNMENT

---

**3.** Defendant HARLEY G. LAPPIN is a citizen of WASHINGTON, D.C.
(name of second defendant)                                      (State)

whose address is CENTRAL OFFICE; 320 FIRST STREET; WASHINGTON, D.C. 20534

and who is employed as DIRECTOR, CENTRAL OFFICE - F.B.O.P.
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of state law? ✓ Yes ____ No. If your answer is "Yes," briefly explain:

EMPLOYED BY THE UNITED STATES FEDERAL GOVERNMENT

A. PARTIES

10 8. Defendant HARRELL WATTS is a citizen of WASHINGTON, D.C.
(name of second defendant)                                              (State)

whose address is CENTRAL OFFICE; 320 FIRST STREET; WASHINGTON, 20534

and who is employed as ADMINISTRATOR - N.I.A. Central Office - FBOP .
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of state law? ✓ Yes ____ No. If your answer is "Yes," briefly explain:

EMPLOYED BY THE UNITED STATES FEDERAL GOVERNMENT


11 8. Defendant G.L. HERSHBERGER is a citizen of KANSAS
(name of second defendant)                                              (State)

whose address is 400 State Street, Tower II, Kansas City, Kansas 66101-2492

and who is employed as Regional Director - North Central Regional Office; FBOP.
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of state law? ✓ Yes ____ No. If your answer is "Yes," briefly explain:

EMPLOYED BY THE UNITED STATES FEDERAL GOVERNMENT


12 8. Defendant RICHARD RALI is a citizen of ILLINOIS
(name of second defendant)                                              (State)

whose address is 4500 PRISON ROAD; P.O. BOX 2000; MARION, ILLINOIS 62959.

and who is employed as Associate/Acting Warden; U.S. Penitentiary, Marion - FBOP.
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of state law? ✓ Yes ____ No. If your answer is "Yes," briefly explain:

EMPLOYED by the United States Federal Government

**13 8.** Defendant THOMAS C. WILSON _____ is a citizen of FLORIDA _____
(name of second defendant)                                        (State)

whose address is 846 N.E. 54th Terrace; P.O. Box 1022; Coleman, Florida 33521-1022

and who is employed as S.I.S. Officer, Coleman-Medium, FBOP _____
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of state law? ✓ Yes _____ No. If your answer is "Yes," briefly explain:
Employed by the United States Federal Government

_____

**14 8.** Defendant STEVEN PHILIPPI _____ is a citizen of CONNECTICUT _____
(name of second defendant)                                        (State)

whose address is 900 HIGHLAND AVENUE; CHESHIRE, CT. 06410

and who is employed as Correctional Officer - Cheshire C.I. _____
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of state law? ✓ Yes _____ No. If your answer is "Yes," briefly explain:
Employed by the State of Connecticut

_____

**15 8.** Defendant _____ is a citizen of _____
(name of second defendant)                                        (State)

whose address is _____

and who is employed as _____.
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of state law? _____ Yes _____ No. If your answer is "Yes," briefly explain:

_____

_____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. Through the false facts of an incident report, I was falsely and wrongly indicted on charges involving: Attempt escape & attempt murder; taking hostage; assault; possession of firearm & wire cutters in FBOP-MCC, Miami, Florida. I refuse to cooperate or take a plea, and was threatened with future retaliation. I was acquitted of all charges by federal Judge - corollary to author of I/report's testimony that I didnot participate in this event. However, at administrative level, he changed his testimony, and with no evidence, the D.H.O. found me guilty of acts, ditto. Findings of guilt resulted in a host of misclassifications, and setting me up to be killed. When I initiated administrative and judicial review of FBOP staffs' mis-conducts, and remedy and relief therefrom, FBOP conspired with D.O.C. state of Connecticut, transferring me in retaliation to D.O.C., where I have being systematically deprive of access to court, and a host of other unlawful conducts perpetrated by D.O.C. staff.

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** Denial of access to court - via lack of access to law library; legal assistance; jail-house lawyer; & destruction of legal materials-property; violating First amendment; & 5 & 14 amendments.

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.) In 2003, I began to appeal rationale supporting host of misclassifications from a false IIR dated 7-19-91. Under interstate compact agreement - entered by acting warden Roll-FBOP and DOC Major Lynn Milling - I was transferred to D.O.C. connecticut. All my legal books, research notes, case laws, witnesses' statements, court forms were exclusively 'lost' during transit. From 1-13th-04 to 9-10th-04 I repeatedly requested of warden choinski use of unit law library, but was denied. Inmate legal assistance declined legal assistance to me. I was denied jail-house legal help. On 9-10th-04, I was transferred to cheshire C.I. I address warden D3urenda on issue of access to law library. I was denied access. I wrote commissioner Lantz asking her intervention. ditto. She failed to respond. From lack of access to a law library, legal help, federal law materials I have being unable to defend my cases resulting dismissals. Staff in D.O.C. has constantly told me that I have no constitutional rights while confined in D.O.C. connecticut and no federal court can help me. Ex.A

**Claim II:** Retaliatory transfer & placement at state supermax

## FACILITY, & MAXIMUM RESTRICTIVE DESIGNATION PLACEMENTS, WITHOUT HEARINGS: VIOLATING DUE PROCESS & DOUBLE JEOPARDY.

**Supporting Facts:** On, 13th January, 2004, based upon information received by the FBOP: under the direction of Major Lynn Milling and Director Fred Levesque - I was confined at D.O.C. SuperMax Prison and at both their recommendations placed on Maximum restrictive statuses based upon false facts of an Incident Report dated 7-19-91 - while in Federal custody. I was denied a hearing, right to present mitigating evidence or witnesses. I address Commissioner Lantz, Fred Levesque and Lynn Milling presenting evidence showing these acts that occurred thirteen years prior, in the FBOP-that formed bases of my confinement in State SuperMax -13 years later- I was acquitted of all charges 1 that, I did not have a hearing or allowed to produce favourable evidence prior to these placements, and I committed no prohibited acts(s) in Connecticut D.O.C. to warrant SuperMax placements or Maximum restrictive designation. My appeals for remedy and release from these conditions, ditto, was denied, and these unlawful conditions were upheld.

EX. B

**Claim III:** <u>DENIAL OF RIGHT TO PRACTICE RELIGION, AND DENIAL OF MEDICAL TREATMENT: FROM ASSOCIATED MEDICAL AILMENTS - AS A RESULT OF DENIAL OF A KOSHER DIET, VIOLATING FIRST AMENDMENT</u>

**Supporting Facts:** For 13 years confinement in FBOP, I was approved and received daily kosher meals in accordance with my religion. As a practising Hebrew Israelite -Jew, at no period during 13 years in Federal custody was I sick from kosher diet. On, 13th January, 2005 to the present - both at Northern and Cheshire C.I., I applied for kosher meals. I was denied kosher meals and being forced to eat (kosher) non-kosher meals, I developed frequent vomiting, chronic diarrhea and heartburn from eating unkosher meals. I address Warden Chojnski of Northern C.I., and Warden DZurenda of Cheshire detailing the symptoms I was exhibiting from unkosher foods and requested kosher meals and medical treatment. My requests were denied and/or returned unfiled. Medical treatment for these symptoms were denied and/or inadequate. Said ailments continues to exist. I am denied kosher meals.

EX. C

4

**Claim IV** CONSPIRACY TO BRING HARM BY REMOVAL FROM SINGLE CELL STATUS, AND FORCED DOUBLE-CELLING-CONSTITUTING DELIBERATE INDIFFERENCE; IN VIOLATION OF THE EIGHTH AMENDMENT.

**Supporting Facts:** FROM SERIOUS threats of harm to MY PERSON FROM a wrongful Informant label, and disseminating MY law enforcement past among inmates at Northern C.I.. MY country's EMBASSY contacted warden Choinski concerning MY safety & protection. On 30th July, 2004 - subsequent to staff investigation I was formerly placed on PROTECTIVE custody-single cell status. On 10th/9/2009, I was visited by warden Choinski, Northern C.I., and told that I was transferring that day to a PROTECTIVE-custody unit on single-cell status. Upon arrival at cheshire on said date, ditto, I was immediately removed from single-cell status, and forced to double-cell. Upon my refusal to double-cell in a single cell unit- From a recent death in this unit caused by double-celling; I was taken to segregation. Staff withheld MY legal Materials as a means to force MY return to the unit, and double-celled. I wrote warden Dzurenda concerning fear for MY life - citing to recent cases of inmates being killed in this unit by cell-mates. Inmates have informed me that staff told them I was an 'ex-police', and a 'federal informant'. Warden Dzurenda denied MY request for single-cell status. I appeal this decision to Dist. Adm. Mark strange, and address commissioner Lantz of these concerns. MY appeal was denied and Commissioner Lantz refused to respond. I live in constant fear of assault or serious injury from staffs' actions of forcing me to double-cell in a PIC unit. EX.D

**Claim V** ARBITRARILY DENIAL OF ACCESS TO GRIEVANCE PROCESS -TO IMPEDE COMPLAINTS OF STAFFS' MISCONDUCT; IN VIOLATION OF THE FIRST AMENDMENT: & FIFTH AND FOURTEENTH AMENDMENTS.

**Supporting Facts:** FROM numerous unlawful conditions of confinement since placement at Cheshire C.I. on 10th-9-2004 - that posed an immediate threat to MY life and person, I properly utilized the grievance procedure established by D.O.C. - contesting lack of access to law library, federal law Materials or legal assistance; forced double-celling; Kosher diet; lack of medical treatment to remedy chronic diarrhea, vomiting, heartburns -from eating unkosher food; lost of property; etc., I employ all the established steps necessary in the filing and processing of a grievance. Each grievance I filed would return unfiled. Preventing MY complaints to be heard and address. I appeal to warden Dzurenda whom would suspend MY use of the grievance system. I appealed this decision to District Administrator Mark strange - whom upheld MY denial of use of grievance system on June 7th, 2005. I appeal via letter dated January 5th, 2005 -to commissioner Lantz to intervene and remedy this matter. No action was taken by commissioner Lantz. EX.E

**Claim VI** CONSPIRACY AND RETALIATION FROM FILING CIVIL ACTION - TO MALICIOUSLY CAUSE HARM; IN VIOLATION OF THE FIRST, FIFTH, EIGHTH & FOURTEENTH AMENDMENTS - FROM A FALSE INCIDENT REPORT.

**Supporting Facts:** On 10th-February-2005, I was assaulted by D.O.C. staff Steven Philippi in NB-S-PIC unit. I sustained injuries to my hands from this assault. In the process of this assault CIO. Philippi intimated from the gist of his threats of harm and racial slurs, and 'informant' calling - that this was happening to me because of the law suit I had brought against his employer: Warden D'Brenda. CIO Philippi thereafter falsify events of an incident report charging me with assault. This was referred to the state police for prosecution. Warden D'Brenda admitted that the unit camera recording this event did not show me assaulting officer Philippi - but that he had to go with his staff's version. I requested staff advocate, introduction of unit camera evidence and witnesses. These were denied me, and I was found guilty at a D.H.O. hearing of assault on staff. From this finding of guilt I was placed at Northern C.I. Supermax for assault on staff. I appealed this findings to District Administrator: Mark Strange, whom would uphold this wrongful findings. I address Commissioner Lantz for remedy and relief. His office as usual did not respond.

Ex.F

**Claim VII** CONSPIRACY TO DEPRIVE OF DUE PROCESS, EQUAL PROTECTION, AND WRONGFUL INVOLUNTARY SERVITUDE; IN VIOLATION OF THE 5th, 13th, & 14th AMENDMENTS.

**Supporting Facts:** In a separate but related case currently litigated in U.S. District Court, plaintiff has demonstrated that his 15 years confinement was unlawful - where the sentencing court lacked the necessary federal subject matter and, probable cause/personal jurisdiction over plaintiff and his case. Where the federal court lacked jurisdiction in the instant matter, ditto, the federal bureau of prisons unlawfully held plaintiff in slavery - not being legally convicted. FBOP lacked competent jurisdiction to transfer plaintiff to Connecticut D.O.C. As a consequence, Connecticut D.O.C. lacked jurisdiction to legally confine plaintiff in it's prison system. Confinement in D.O.C. arose to involuntary servitude. Plaintiff address Commissioner Lantz concerning this matter of involuntary servitude in Connecticut D.O.C., along with director Lappin of FBOP. His request for transfer from D.O.C. prison system were denied.

**Claim-VIII** CONSPIRACY TO DEPRIVE OF DUE PROCESS VIA KNOWING & INTENTIONAL WRITING, FILING, PROCESSING & SUSTAINING USE OF FALSE FACTS OF A JULY 19th, 1991-INCIDENT REPORT CONTINUUM; VIOLATING DUE PROCESS.

**Supporting Facts:** On, 7/19/91, then Lt. Wilson wrote an I.R against Plaintiff charging he observed Plaintiff and 3 other black inmates approach him, took him hostage at gun-point, fired shots at another staff, while cutting a hole in the fabric of the fence, in an escape attempt. Six days later he authored a detailed memorandum of this event-specifically stating only three inmates committed these acts, ditto - omitting any involvement of Plaintiff. In an attempt to force Plaintiff to cooperate with the FBI - he was indicted on six charges carrying life & 30 years. Plaintiff refused to cooperate, went to trial and was acquitted of all charges by trial judge: based upon fact author of I.R-7/19/91 testified contrary to the initial I.R he wrote — he did not observed Plaintiff on this scene, nor did Plaintiff participated in events he described, supra. However, at institutional level, author of Report-7/19/91Thomas Wilson would again tie Plaintiff wrongly to these events - resulting in his being found guilty of I.R-7/19/91. This report would become the basis of 14 years of civil rights abuses against Plaintiff. Through appeal and Report, Plaintiff addressed Thomas Wilson, G.L. Hershberger, Harrell Watts, Richard Rau and Harley Lappin for relief and remedy from this report. All appeals for relief from this false report to herein named parties were denied. To date, the facts of this report 7/19/1991 has been used continuum against Plaintiff.

EX.G

**Claim-IX** RETALIATION & CONSPIRACY TO DEPRIVE OF DUE PROCESS --- FROM ACQUITTAL OF OUTSIDE CHARGES: BASED UPON I.R-7/19/91: THROUGH HISTORY OF MISCLASSIFICATIONS, CONTINUUM: VIOLATING 5th, 8th & 14th AMENDMENT.

**Supporting Facts:** Based solely upon the facts alleged in I.R-7/19/91, authored by Thomas Wilson - that was proven as false in open court (as it pertained to Plaintiff — the facts of this report became the bases, both in FBOP and D.O.C. prison systems of 14 years continuum: (a). Plaintiff's custody and security levels increase to MAXIMUM; (b). MAXIMUM RESTRICTIVE STATUS designations and high-MAXIMUM institution placements; three control unit placements. All of these classifications and placements were solely based upon the rationale that — Plaintiff took staff hostage at gun-point, fired shots at another staff, while trying to escape. Which conditions continues to be maintain today based on facts of 7/19/91-I.R. Prior to I.R-7/19/91, none of these conditions existed against Plaintiff. Through appeal and report, Plaintiff showed facts of I.R-7/19/91-as it pertained to Plaintiff — was false. Which led to his acquittal at trial of all charges stemming from I.R-7/19/91. At all stages of Report and appeal to defendants: Thomas Wilson, Richard Rau, G.L. Hershberger, Harrell Watts, Harley Lappin, Fred Levesque. Remedy and relief were denied to Plaintiff, and false facts were affirmed by the defendants, ditto - allowing conditions created therefrom to exist 14 years continuum against Plaintiff.

EX.G

**Claim X** RETALIATION AND CONSPIRACY TO MURDER PLAINTIFF: FROM OUTSIDE CHARGES AGAINST STAFF, AND SUBSEQUENT ACQUITTAL OF CHARGES: BASED UPON FALSE TIR 7/19th/1991; IN VIOLATING OF 5th & 8th AMENDMENTS.

**Supporting Facts:** Based upon FBI implicating Plaintiff wrongfully as an informant - Plaintiff was branded 'informant' and assaulted in May, 1991. Plaintiff and separatee placed on a separation list. On numerous occasions in FBOP staffs' presence, separatee threatened to kill Plaintiff. On 7/19/1991 - Plaintiff was wrongly accussed of taking staff hostage at gun-point, firing shots at another FBOP staff in an escape attempt from MCC-Miami. In late 1991, Plaintiff interviewed by FBI and FBOP personels and offer inducement to implicate staff alleged to have introduce gun into prison. Plaintiff refused to cooperate and threatened with retaliation by interviewers. Because of nature of these charges ditto, Plaintiff and codefendants lock-down under maximum custody. How- Plaintiff was released to a general-population compound with these pending charges ditto - while all other codefendants remained lock down - where separatee would be sent. Plaintiff was acquitted of all charges at trial - but found guilty on institution level and sent to a control unit for 1½ years. On 19/5/2000, Plaintiff transferred to prison where separatee confined. Separatee began circulating law book stating Plaintiff was an informant and former police background. And release aliege statements made by Plaintiff to staff concerning assault on Plaintiff — among inmate population. A 'hit' to kill Plaintiff issued. Plaintiff sought protective custody but forced to return to GIP on basis 'he took staff hostage". By appeal and report, Plaintiff address R. Rau, G.L. Hershberger, Harrell Watts, Harley Lappin and Thomas Wilson to remedy this situation. Request denied. Conspiracy to murder Plaintiff continued with his transfer to D.O.C. State of Connecticut. Ex H

**Claim XI** DISCIPLINARY HEARING OFFICER'S FINDINGS OF GUILT - PARTIAL, PREJUDICED & RETALIATORY: BASED UPON TIR 7/19/91; VIOLATING DUE PROCESS & EQUAL PROTECTION.

**Supporting Facts:** Because of the level of violence in the unit - and impending threat of physical harm to Plaintiff from informant label and law enforcement past, Plaintiff sought confinement in segregation. On 6th March, 2003 Plaintiff told by staff that he had to return to GIP where threats to his life existed. Plaintiff - in fear for his life - refused to return to GIP. Plaintiff presented evidence at DHO hearing showing his case - reported in law books, available in prison law library, and circulated among inmate population by separatee - stating Plaintiff cooperated with the FBI implicating codefendants. And knowledge of law enforcement past. From concerns of Plaintiff's safety at this prison, his Embassy contacted the warden - whom initiated an investigation in January, 2003 where he found threat to Plaintiff's life existed and recommended transfer of Plaintiff to his native country to complete his sentence. DHO made aware of all the above - but said he had to work with staff - before, whom I had to prove I did not take staff hostage, before receiving help. I was found guilty of refusing GIP where my life was in jeopardy. I sought relief from this finding through appeal to - G.L. Hershberger, Harrell Watts and Harley Lappin. All appeals were denied and the DHO's unlawful decision upheld.

Ex. I

Claim XII. LIBEL AND SLANDER - IN CONSPIRACY TO DEPRIVE OF DUE PROCESS AND EQUAL PROTECTION.

**Supporting Facts:** On, 7/19/91 - hostage victim authored a report against Plaintiff charging he observed Plaintiff and three other black inmates approach him, took him hostage at gun point, fire shots at another in an attempt to escape. Six days later, in a detailed memorandum, contrary to his initial report, he wrote that Plaintiff was not involved in the events he previously described on 7/19/91. On May 21st, 1992, Plaintiff was indicted on six charges arising from his report, ditto. At a later trial government witness Thomas Wilson admitted Plaintiff was not a part of this event. Plaintiff was acquitted of all charges. On administrative level during a DHO hearing defendant Wilson change his story at trial and told DHO officer Plaintiff committed acts as read in his report of 7/19/91. DHO found him guilty of 7/19/91-I/R. Resulting in March, 2003, because body of report continued to be used as the bases for holding Plaintiff in MAXIMUM RESTRICTIVE conditions, Thomas Wilson was again contacted to clarify Plaintiff's involvement - and stated Plaintiff participated in the events of I/R - 7/19/91. Plaintiff also addressed Thomas Wilson by report in 2003 to testify to facts he testified to at trial and wrote in a detailed memorandum on 7/25/91 - concerning Plaintiff's nonINVOLVEMENT: outlining the hardships he was enduring from this report he authored. Defendant Wilson failed to respond, and the conditions he created from his report of 7/19/91 against Plaintiff continues to exist.

Claim XIII. CONSPIRACY TO DEPRIVE OF ACCESS TO COURT VIA RETALIATORY TRANSFER AND DESTRUCTION OF LEGAL PROPERTY, VIOLATING THE 1st, 5th & 14th AMENDMENTS.

**Supporting Facts:** In, 2003, Plaintiff sought relief from history of mis-classifications and abuses based on false facts of 7/19/91. Plaintiff also access the District Court for Civil Action forms and initiated legal research to identify and articulate numerous civil rights abuses stemming from I/R - 7/19/91. On, 5th January, 2004, Plaintiff was transferred to D.O.C. State of Connecticut and confined at it's supermax control unit based upon facts of 7/19/91. Plaintiff's property were issued to him with all the contents removed from their envelopes and strewn about in several boxes. Plaintiff's legal property involving witnesses statements, law books, research notes, case laws - prepared from FBOP prison - were lost exclusively, including exhausted administrative remedies. Since placement at D.O.C. he has been denied all access to prison law library, federal law materials and legal assistance. Staff at both FBOP and D.O.C. has told Plaintiff that he was transferred to Connecticut because of the volume of grievances and civil actions he and 4 others transferred with him had filed. D.O.C. Connecticut has a history of providing inadequate legal access to court-facilities. Through report and appeal Plaintiff address defendants Lantz, Choinski, Lappin, Rau, Strange, concerning lost of his legal property. At all stages of report and appeal Plaintiff was denied relief.

EX. J

**Claim XIV** <u>CONSPIRACY TO DEPRIVE OF DUE PROCESS & RETALIATION THROUGH VIOLATIONS OF INCIDENT REPORT PROCESSING TIME FRAMES; BIAS DHO HEARINGS; AND FALSE I/R'S; STEMMING FROM I/R-7-19-91.</u>

**Supporting Facts:** On, 7/19/91, Plaintiff was charged with attempt escape & attempt murder; taking hostage; possession of firearm and wire cutters. At MCC-Miami, Florida. This report laid unprocessed for sixteen months against Plaintiff, and subsequent to his acquittal of all charges, staff acknowledged it law unprocessed, but recommended it still be processed against Plaintiff outside the established time frame. On, 2nd-12-█1992, DHO held a hearing and convicted Plaintiff of I/R-7/19/91. Plaintiff requested post-ponement of hearing to present exculpatory evidence of transcript minutes at trial; and witnesses testimony. DHO denied these request. From these serious allegations and following Plaintiff's acquittal of said charges at trial - staff at two prisons retaliated against Plaintiff by falsifying incident reports charging 'assault' against Plaintiff. Through report and appeal to defendants' G.L. Hershberger and Harrell Watts all appeals for relief were denied Plaintiff.

**Claim XV** <u>CONSPIRACY TO DEPRIVE OF DUE PROCESS & SPEEDY TRIAL THROUGH DENIAL OF FINAL DISPOSITION OF DETAINERS; WHILE USING DETAINER SCORE TO INCREASE & SUSTAIN CLASSIFICATION POINTS & PLACEMENT.</u>

**Supporting Facts:** The Federal Bureau of Prisons contacted the Bahamas concerning outstanding charges in the Bahamas against Plaintiff. Based upon this contact, the FBOP lodged a detainer against Plaintiff. Plaintiff was given the maximum detainer score therefrom. This score was used to increase and maintain Plaintiff's custody and security levels at high-maximum prisons. Plaintiff was informed that he had a right to request final disposition of these detainer charges. His request for final disposition were prevented from been processed by the FBOP. Through appeal and report Plaintiff appealed to defendants G.L. Hershberger and Harrell Watts. All relief for final disposition were denied; while the detainer points were used to sustain continued maximum custody and security classifications, and high-maximum institution placements. Ex.

K

Claim XVI CONSPIRACY TO DEPRIVE OF DUE PROCESS, EQUAL PROTECTION, AND DELIBERATE INDIFFERENCE - THROUGH UNLAWFUL POLICY AND CUSTOM.

Supporting Facts: In retaliation for filing numerous administrative remedies and pending civil action contesting validity of then 13 years abuses and civil rights violations against plaintiff for IIR-7-19-91, the FBOP transferred plaintiff to D.O.C. state of Connecticut - where his legal property relating to these issues were lost. And where, since his placement in D.O.C. he has been deprived of a law library, federal law materials or, legal assistance. All appeal for reliefs were denied. It is an established unwritten policy, practice and custom countenance by the FBOP and D.O.C. that creates the athmosphere for it's employees to single-out and retaliate against any inmate accused of assault on staff. Because plaintiff has wrongly being charged with attempt murder, and taking hostage of an FBOP staff, and now assault on D.O.C. staff - this unwritten policy and custom by both FBOP and D.O.C. Connecticut allows for plaintiff to be treated differently that allows - as a consequence - the violation of his civil rights to occur with impunity -- absent any protection.

Claim _____

_____

_____

Supporting Facts:

## E.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
_✓_Yes ____No.  If your answer is "Yes," describe each lawsuit.  (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

  a.  Parties to previous lawsuit:

Plaintiff(s): SALA-THIEL THOMPSON - PETITIONER

Defendant(s): WAYNE CHOINSKI & FEDERAL BUREAU OF PRISONS

  b.  Name and location of court and docket number U.S. DIST. COURT, DIST. OF CONNECTICUT
NO: 3:04-CV-851-PCD

  c.  Disposition of lawsuit.  (For example, was the case dismissed?  Was it appealed?
Is it still pending?)
Habeas § 2241 - Dismissed. Appealed. Still Pending. (Failure to Exhaust)

  d.  Issues raised: Conspiracy to Deprive of Due Process; Misclassifications; Retaliation; Denial of Detainer Disposition; False Discipinary Findings; Retaliatory Transfer; Denial of Access to Law Library, etc.; Denial of Religion; Unlawful Confinement

  e.  Approximate date of filing lawsuit: 18th / May / 2004

  f.  Approximate date of disposition:  23rd / August / 2004

2.  I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.  _✓_Yes ____No.

If your answer is "Yes," briefly describe how relief was sought and the results.
Vis-a-vis State of Connecticut D.O.C. claims - I utilized the informal and formal grievance process available. With each claim, at all stages I was denied relief by D.O.C. Employees named herein.
Vis-a-vis claims involving FBOP herein raised - I have utilized both informal and formal administrative remedies available. In addition I sought relief at U.S. Justice Dept. With each claim, I was denied relief at all stages by FBOP Employees named herein.

3.  I have exhausted available administrative remedies.  _✓_Yes ____No.
If your answer is "Yes," briefly explain the steps taken.  Attach proof of exhaustion.
If your answer is "No," briefly explain why administrative remedies were not exhausted.
SEE ATTACHED ADMINISTRATIVE REMEDIES RELATING TO ALL CLAIMS IN TANDEM ORDER. ALL AVAILABLE ADMINISTRATIVE REMEDIES EXHAUSTED.
[A, B, C, D, E, F, G, H, I, J, K]

5

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

If you are not incarcerated, go to section G.

a. Parties to previous lawsuit: NONE    N/A

Plaintiff(s):_____ N/A

Defendant(s):_____ N/A

b. Name and location of court and docket number _____ N/A

c. Grounds for dismissal: ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

d. Approximate date of filing lawsuit:_____ N/A

e. Approximate date of disposition: _____ N/A

2. Are you in imminent danger of serious physical injury? ✓ Yes _____ No.

If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument. I am labelled wrongly a federal "Informant" and staff has informed inmates of my law enforcement background. I am forced to double-cell with inmates not having my background - despite fact this is a PIC single-cell unit and two deaths has already occur in this unit via double-ceiling, and numerous assaults. I have being approve for single cell status for the last 14 years. My life is in grave danger and I am in fear for my safety.

## G. REQUEST FOR RELIEF

I request the following relief: Specifically - as prospective reliefs:

A/. Issue preliminary and permanent injunctive reliefs ordering:

1. Removal from D.O.C. Cheshire to federal medium facility for access to federal law library & legal research materials within 30 days;

2. Prohibit Plaintiff's double-ceiling in PIC unit.

3. Order forthwith FBOP custody and security reclassification of

Plaintiff CANNON SURENDER DILLER PLE-2-12-1171A APPENDICES and order his placement in an appropriate federal medium security prison or return to his country to complete sentence because of safety in imminent danger from "informant" label and "law enforcement" background.

— SEE, CONTINUING ATTACHED PAGES —

## H. JURY DEMAND

Do you wish to have a jury trial? Yes ✓  No_____

_____
Original signature of attorney (if any)

_____
**Plaintiff's Original Signature**

_____

_____

_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Cheshire C.I. Cheshire, Ct.06410 on 17th September, 2005 .
            (location)                              (date)

_____
**Plaintiff's Original Signature**

7

4. Order F.B.O.P. that, unless Plaintiff display or engage in violent or disruptive behaviour, to prohibit Plaintiff's placement at High/Maximum federal or state prison setting, where strong likelihood of violence, or death exist against Plaintiff from dissemination of law enforcement background and wrongful informant label;

5. Issue order placing Plaintiff in secure single-cell federal PLC unit, until his reclassification to federal medium prison, or, transfer to his native country on Treaty Transfer Program;

6. Order Plaintiff to be removed to F.B.O.P. where he can receive Kosher diet to practice religion, and order medical treatment for the ailments he sustained from forced eating of unkosher meals;

7. Issue injunction prohibiting F.B.O.P. denial of speedy trial rights via Detainer Disposition Process, to Plaintiff; and to order disuse of detainer score to increase custody & security levels, if F.B.O.P. continues to deny Plaintiff final disposition of detainers;

B/. Issue an injunction ordering defendants' F.B.O.P., and D.O.C. State of Connecticut to:

1. Order expunge from Plaintiff's record, and prohibit classification history use of IIR-7/19/91, used formerly as the bases & rationale determining Plaintiff's custody & security misclassifications; and false IIR-Assault on DOC;

2. Order expunge from Plaintiff's disciplinary history record all former reports written in retaliation of IIR-7/19/91.

C/. Issue Declaratory Relief in the following:

1. Declaring past acts associated with IIR-7-19-91, including charging Plaintiff with false acts in IIR, supra, D.H.O's findings of guilt, and history of misclassifications of custody and security levels, control units' placement, etc, based upon false facts of IIR-7-19/91, to be illegal and unlawful;

2. Declaring practice of processing IIR that has violated established F.B.O.P. timetables, unconstitutional;

3. Declaring practice of supporting & sustaining false facts of IR-7/19/91 in retaliation against inmate accused and acquitted of charges against staff, unconstitutional;

4. Declaring IR-7-19-91 to be false, and it's practice and use illegal and unlawful, against plaintiff;

5. Declaring practice of retaliatory transfer and lost of legal property by F.B.O.P. of plaintiff, illegal & unlawful;

6. Declaring practice of setting up inmate charge with violence against staff, to be killed by spreading false informant rumours, spreading law enforcement background, and orchestrating known separatees to be placed at same facility to maintain these rumours among inmate population, illegal and unlawful;

7. Declaring practice of sending and accepting federal inmates in D.O.C. state of Connecticut prison system, with the express intent that he be deprived of federal law materials, legal assistance, adequate legal materials for access to court; illegal and unconstitutional;

8. Declaring practice of forcing inmates to double cell in a protective custody unit, built for single cell occupancy, with threat of disciplinary report for refusing same, and placement in segregation; illegal and unconstitutional;

9. Declaring practice of withholding materials necessary for accessing court, i.e. pen, paper, envelopes, issuing of legal materials; illegal and unconstitutional;

10. Declaring practice of preventing use of D.O.C. Cheshire, C.I. grievence process, by systematically returning unfiled, correctly prepared grievances, to frustrate and curb filing of complaints; illegal and unlawful; declaring practice of staff no response to inmate's request forms; illegal and unlawful;

11. Declaring withholding of kosher diet, and withholding of necessary medical treatment; illegal and unlawful;

12. Declaring practice of confining double-celled inmates in PC unit, 22 hours each day in single cell space; illegal and unlawful;

13. To order all the above to be immediately implemented -- A-C --, carried out and put into effect consistent with court's opinion, and any other necessary relief deemed just and equitable by this court.

REQUEST FOR RELIEF

## D./ AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNT(S):

1. 250,000.00 thousand dollars jointly and severally against Defendants: Theresa Lanz, Lynn Millings, and Fred Levesque ; Mark W. Strange;

2. 100,000.00 jointly and severally against Defendants: Wayne Choinski, and James Dzurenda;

3. 1 Million dollars against Defendant: Federal Bureau of Prisons, Department of Justice;

4. 300,000.00 thousand dollars jointly and severally against Defendants: Harley Lappin, Harrell Watts, G.L. Hershberger, and Richard Rau ;

5. 150,000.00 thousand dollars against Defendant: Thomas C. Wilson.

6. 50,000 against Defendant Steven Philippi

## E./ AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNT(S):

1. $75,000, each, against Defendants: Theresa Lanz; Lynn Millings; Fred Levesque ; Wayne Choinski, and James Dzurenda ; Mark W. Strange;

2. $120,000 each, against Defendants: Federal Bureau of Prisons; Harley Lappin; Harrell Watts; G.L. Hershberger; R. Rau ; Thomas C. Wilson.

## F./ THE Following:

1. Court Cost, and Attorney Fees.

Sala. Thompson
42233004-318058
Salathiel Thompson