```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SALA-THIEL THOMPSON,              :
                                  :
     Plaintiffs,                  :
                                  :
     v.                           :      CASE NO. 3:04cv2084(AWT)
                                  :
THERESEA LANTZ et al.,            :
                                  :
     Defendants.                  :
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff, Sala-Thiel Thompson, a federal inmate proceeding pro se, brings this action against the Federal Bureau of Prisons ("BOP") and BOP employees Harley Lappin, the Director of the BOP; Harrell Watts, the Administrator of National Inmate Appeals of the BOP; G. L. Hershbeger, the former Regional Director of the North Central Regional Office in Kansas City, Kansas; Russell Rau, former associate warden at U.S.P. Marion and Thomas Wilson, former lieutenant at the Metropolitan Correction Center in Miami, Florida. The plaintiff also names as defendants certain State of Connecticut Department of Correction officials ("DOC"). Pending before the court is the plaintiff's motion to compel responses to requests for production directed at the federal defendants. (Doc. #97.)

I.   Factual Background

The plaintiff was convicted in the U.S. District of Florida of bank robbery. According to the plaintiff, the federal court lacked jurisdiction and the BOP unlawfully held him in "slavery."

He further claims as to the federal defendants that a detainer was improperly lodged against him for deportation to the Bahamas upon his release from federal custody, which increased his security classification. He was charged in a false July 1991 incident report of attempted escape, hostage taking and other charges in the Metropolitan Correction Center in Miami, Florida. The incident report was not timely processed and he was wrongfully found guilty in a disciplinary hearing. As a result of this finding, the plaintiff's security level was misclassified. Because of threats against his life, the plaintiff requested segregation but was placed with separatees and released into general population. While at USP Marion, he received an incident report in March 2003 for refusing to return to general population. The Disciplinary Hearing Officer improperly found against him and the decision was upheld despite the plaintiff's appeals. The plaintiff appealed his security misclassifications, which began with the 1991 incident report, and in response, federal prison officials retaliated by transferring him to the State of Connecticut DOC.

II. Discussion

The plaintiff seeks to compel the federal defendants to respond to his requests for production of documents. (Doc. #97.) He also seeks to postpone his deposition until "complete satisfaction of discovery." The defendants filed a response to the plaintiff's motion on December 15, 2008. (Doc. #105.)

As to the plaintiff's request concerning his deposition, the plaintiff does not set forth any basis for postponing his deposition and therefore the plaintiff's request is denied.

The court next turns to the plaintiff's motion to compel. Rule 34(a) of the Federal Rules of Civil Procedure provides that a party may serve a request for production of documents which are "in the possession, custody or control of the party upon whom the request is served." A request for production "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). A motion to compel discovery can be denied when the requesting party fails to provide "sufficient information to enable [the party to whom the request is directed] to identify responsive documents." Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408, 412 (M.D.N.C. 1992)(denying a motion to compel because the language in the request for production was "overly-broad and extremely vague"). In addition, "[a] party cannot be compelled to create, or cause to be prepared, new documents solely for their production. Rule 34 only requires a party to produce documents that are already in existence." 7 James Wm. Moore et al., Moore's Federal Practice § 34.12[2] (3d ed. 2009). See, e.g., Alexander v. Federal Bureau of Investigation, 194 F.R.D. 305, 310 (D.D.C. 2000) (Rule 34 "only requires a party to produce documents that are already in existence"; a party "is not required to prepare, or cause to be prepared, new documents

solely for their production").

In response to the plaintiff's requests for production, the defendants provided documents as to some requests, asserted objections as to others and in some cases, did both.  The plaintiff appears to seek an order compelling responses to all of his production requests.  The court does not hold litigants proceeding pro se to the same standards that it holds attorneys.  However, at a minimum, as the moving party, the plaintiff has the burden of informing the court why he believes the defendants' responses are deficient, why their objections are not justified and why the information he seeks through discovery is relevant to his legal claims.  See, e.g., Williams v. Flint, No. S-06-1238, 2007 WL 2274520 at *1 (E.D.Cal. Aug.6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate.  It is not enough to generally argue that all responses are incomplete.").  The plaintiff has not made any argument in this regard.  However, in an effort to afford special solicitude to the pro se plaintiff, the court has reviewed each of the plaintiff's 54 document requests and the defendants' responses thereto in order to determine whether any of the defendants' responses are somehow deficient.  The court rules as follows:

1.  Request for production 1 is denied because the information sought is not reasonably calculated to lead to the discovery of admissible evidence and any benefit that a response to the request

4

might provide is in any event outweighed by the burdens that compliance would entail. See Fed. R. Civ. P. 26(b)(1) and (b)(2)(C)(iii). On the present record, there is no dispute that the federal defendants were acting within the scope of their employment.

2. Request for production 2 is denied as overbroad.

3. Request for production 3 is denied. The plaintiff has not identified the items sought with sufficient particularity.

4. Request for production 4 is denied. The defendants have responded that no responsive documents exist.

5. Request for production 5, which seeks documents regarding the plaintiff's exhaustion of administrative remedies, is denied. The defendants have produced responsive documents from the SENTRY database, the BOP's official tracking system for the filing of prisoner grievances.

6. Request for production 6 is granted in part. To the extent that the defendants rely on any documents or records in support of their legal argument that the plaintiff's claims are barred by the statute of limitations, they shall produce those documents.

7. Request for production 7 and 8 fail to describe with reasonable particularity the documents sought and are denied as overly broad.

8. Request for production 9 and 10 are denied because the defendants have produced responsive documents.

9. Request for production 11 is denied as the defendants have produced responsive documents. The defendants' objection is sustained.

10. Requests for production 12, 13, 14, 15, 16 and 18 are denied on the grounds that the requested documents are not in the care, custody and control of the defendants.

11. Request for production 17 is denied on the grounds of overbreadth and relevance.

12. Request for production 18 is denied. The defendants respond that they do not maintain such documents.

13. Requests for production 20, 21 and 27 are denied as overbroad.

14. Requests for production 22 is granted in part. The defendants shall produce documents responsive to the court for an *in camera* review.

15. Requests for production 23, 25 and 26 are denied. The defendants respond that they do not maintain such records.

16. Request for production 24 is granted in part. The defendants shall produce any responsive documents concerning the plaintiff. Insofar as the request seeks information as to other prisoners, it is denied on the grounds of relevance.

17. Request for production 28 is granted in part. The defendants shall produce documents responsive to 28(a), (b) and (c) to the court for an *in camera* review. Request 28(d) is denied as overbroad and 28(e) is denied as moot in light of the defendants'

document production.

18. Requests for production 29 and 30 are denied as overbroad.

19. Request for production 31 and 31A are denied.  The defendants have produced responsive documents and the court sustains the defendants' objection as to the withheld documents.

20. Request for production 32 is granted in part.  The defendants shall produce a list of any witnesses they intend to call at trial and any expert reports they intend to offer as evidence.

21. Request for production 33 is granted in part.  The defendants shall provide any "photographs, videotapes and drawings" they have regarding the plaintiff's allegations.  If none exist, they shall so state.

22. Request for production 34 is denied as overbroad.

23. Request for production 35 is granted in part.  To the extent that any exist, the defendant shall produce any nonprivileged written statements authored by any of the defendants concerning this lawsuit.

24. Request for production 36 is denied.  The defendants have responded that no responsive documents exist.

25. Requests for production 37, 38 and 39 is denied on the grounds of relevance and overbreadth.

26. Requests for production 40, 42, 46, 47 and 48 are denied.  On the present record, the defendants' objections are well founded and are sustained.

27. Requests for production 41 and 43 are denied. The defendants have produced responsive documents.

28. Requests for production 44 and 45 are denied on the grounds of relevance and overbreadth.

29. Request for production 49 is granted in part. The defendants shall produce regulations and policies governing the appeal of inmate grievances.

29. Request for production 50 is denied as overbroad.

30. Request for production 51 is granted in part. To the extent that the defendants have in their care, custody or control any "newspaper articles" regarding the July 19, 1991 incident in which the plaintiff was involved, they shall produce them.

31. Request for production 52 is denied. The defendants have produced responsive documents.

32. Request for Production 53 is denied. The plaintiff has not identified the items sought with sufficient particularity.

33. Request for production 54, which seeks documents concerning other inmates, is denied on the grounds of relevance.

SO ORDERED at Hartford, Connecticut this 25th day of September, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge