```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


SALA-THIEL THOMPSON,            :
                                :
     Plaintiffs,                :
                                :
     v.                         :     CASE NO. 3:04cv2084(AWT)
                                :
THERESEA LANTZ et al.,          :
                                :
     Defendants.                :
```

## RULING ON PLAINTIFF'S MOTION TO COMPEL

Pending before the court is the pro se plaintiff's motion to compel responses to interrogatories directed at the federal defendants.[1] (Doc. #98.) The motion is denied without prejudice.

The plaintiff propounded a set of interrogatories on each of the federal defendants. They responded to the first 25 questions and objected to the remainder on the grounds that the requests exceeded the limit set forth in Rule 33(a) of the Federal Rules of Civil Procedure.

Rule 33(a) provides that a party may serve "no more than 25 written interrogatories, including all discrete subparts," on another party. Fed. R. Civ. P. 33(a).[2] Parties cannot evade this

---

[1] The plaintiff also seeks to postpone his deposition until "complete satisfaction of discovery." The defendants filed a response to the plaintiff's motion on December 15, 2008. (Doc. #105.) The court previously denied the plaintiff's request to postpone his deposition.

[2] Rule 33(a)(1) provides:
Number. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete

numerosity limit by "joining as 'subparts' questions that seek information about discrete separate subjects." Fed. R. Civ. P. 33 Advisory Committee's Note to 1993 Amendments.  "A subpart is discrete and therefore regarded as a separate interrogatory when it is logically or factually independent of the question posed by the basic interrogatory." Security Ins. Co. of Hartford v. Trustmark Ins. Co., No. 3:01CV2198(PCD), 2003 WL 22326563, at *1 (D. Conn. Mar. 7, 2003).

Each of the plaintiff's interrogatories contains several subparts labeled alphabetically.  Interrogatory 1 addressed to defendant Watt, as an example, contains questions labeled a through x as part of interrogatory 1.  Upon review, each of the plaintiff's interrogatories contain discrete subparts which should be counted as separate questions.  When so counted, the plaintiff's interrogatories well exceed the 25 interrogatories permitted under the rule.

Fed. R. Civ. P. 33(a) affords the court discretion to permit interrogatories in excess of the 25 limit.  The defendants are correct that the plaintiff did not seek leave to serve more than 25 interrogatories.  However, in order to afford special latitude to the pro se plaintiff, the court grants him leave to serve additional interrogatories.  The plaintiff may serve, in addition

---

subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

to the 25 to which the defendants already responded, 35 questions - with no subparts - upon each federal defendant.  The defendants are free to assert any appropriate objection to the interrogatories, other than an objection based on the number of interrogatories.

SO ORDERED at Hartford, Connecticut this 25th day of September, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge