UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
SALA-THIEL THOMPSON              :
                                 :
     v.                          :   Case No. 3:04cv2084(AWT)
                                 :
THERESA LANTZ, ET AL.            :
```

**RULING ON MOTION TO DISMISS**

The plaintiff, Sala-Thiel Thompson, currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), filed this civil rights action pro se pursuant to 28 U.S.C. § 1915 against employees of both the State of Connecticut Department of Correction and the Federal Bureau of Prisons. Both the state and federal defendants move to dismiss this action because the plaintiff refused to be deposed by them on November 21, 2008. The plaintiff opposes the motion to dismiss and claims that he had a legitimate reason for refusing to be deposed by the defendants. For the reasons that follow, the motion is being denied without prejudice.

I.  **Background**

On October 10, 2008, the parties participated in a telephone conference with United States Magistrate Judge Donna F. Martinez to discuss outstanding discovery issues. During the conference, both the state and federal defendants sought leave to depose the plaintiff. The plaintiff did not object to the requests and did

not claim a right to have a consular official from the Bahamian Consulate present at the depositions.  In response to the plaintiff's request that counsel be appointed to represent him at the deposition, Magistrate Martinez instructed the plaintiff to file a motion for appointment of counsel.

On October 14, 2008, the federal defendants moved for leave to depose the plaintiff on November 21, 2008.  The plaintiff did not file an objection to the motion.  On October 17, 2008, the court granted the motion.  On or about October 20, 2008, counsel for the federal defendants noticed the plaintiff's deposition to be taken on November 21, 2008 at USP Lewisburg.

On October 20, 2008, the plaintiff filed a motion seeking the appointment of counsel to represent him at future depositions.  On October 24, 2008, the court denied the motion without prejudice because it could not conclude that the remaining claims in the complaint passed the test of likely merit.[1]  In denying the motion, the court acknowledged the plaintiff's concerns regarding his deposition and informed him that all that was required of him at the deposition was to truthfully answer the questions posed to him based on his

---

[1] The court also determined that the remaining claims in the amended complaint were not complex and that the plaintiff was able to adequately present his case.  Pursuant to the court's ruling, the plaintiff may re-file his motion for counsel if further development of the record, after the summary judgment stage of the case, demonstrates that his claims pass the test of likely merit.

knowledge and memory of events.

On November 5, 2008, the state defendants moved to depose the plaintiff on November 21, 2008. The plaintiff did not file an objection to the motion. The court granted the motion on November 7, 2008.

Prior to the deposition, counsel for the state and federal defendants sought approval for litigation expenses associated with an out-of-state deposition, made necessary travel and lodging arrangements and hired a court reporter to transcribe the deposition. Counsel for the state defendants spent over four hours and counsel for the federal defendants spent over sixteen hours performing research and reviewing the case file in preparation for the deposition.

On November 20, 2008, counsel for the state and federal defendants traveled by car to USP Lewisburg to attend the deposition. In addition, an attorney representing the Bureau of Prisons traveled by air to attend the deposition.

On November 21, 2008, counsel for the state and federal defendants as well as the attorney representing the Bureau of Prisons and a paralegal from USP Lewisburg were present in the Unit Manager's Office of the plaintiff's housing unit at 9:00 a.m. to begin the deposition. After counsel for the federal defendants introduced the individuals in the room, the plaintiff interrupted and asked if he could make a statement. The

plaintiff then expressed his view that he was a citizen of the Commonwealth of the Bahamas and that he sought to exercise his right to have an official from the Office of the Bahamas Consulate General present at the deposition before he answered any questions.  The plaintiff claimed that Vienna Convention on Consular Relations art. 36, Apr. 24, 1963, 21 U.S.T. 77, 100-102, 596 U.N.T.S. 261 (the "Vienna Convention"), prohibited counsel for the defendants from questioning him without a consular official present.  The plaintiff would not agree to answer any questions.  After counsel for the defendants warned the plaintiff that they would move to dismiss the case due to his failure to cooperate with the deposition, the plaintiff left the room.

   On November 24, 2008, counsel for the state and federal defendants became aware that the plaintiff had contacted the Bahamian Consulate in New York prior to the deposition.  Mark Houser, Case Manager of the Federal Bureau of Prisons at USP Lewisburg, avers that on November 6, 2008, he arranged a telephone call between the plaintiff and the Bahamian Consulate in New York.  Case Manager Houser was present during the phone call and heard the plaintiff request that a consular official be present at the deposition scheduled for November 21, 2008, but asserts that he did not speak to the consular official himself.

   The plaintiff has a different account of the November 6, 2008 telephone call.  He asserts that he spoke to Bahamian Vice

Consul Sandra Poiter and she agreed to be present at the deposition, and also that Case Manager Houser spoke to the Vice Consul and provided her with the names and telephone numbers of counsel for the defendants. The plaintiff also contends that Vice Consul Poiter did not attend the deposition because counsel for the defendants as well as the attorney representing the Bureau of Prisons and the paralegal from USP Lewisburg, who were both present at the deposition, informed her that it was unnecessary for her to attend the deposition. The plaintiff provides no affidavit or other documentary evidence to support his contentions; instead, he directs the court to verify these claims by contacting Vice Consul Poiter. By the same token, the defendants do not provide any affidavit or other documentary evidence explaining why Vice Consul Poiter did not attend the deposition.

II.  **Discussion**

The state and federal defendants seek dismissal of this action pursuant to Rule 37(b)(2)(A)(5) and (d), Fed. R. Civ. P. They contend that the plaintiff's failure to cooperate in his deposition deprives them of their right to conduct discovery and their due process right to defend themselves. The plaintiff claims that he had a legitimate right under the Vienna Convention to  refuse to answer questions at his deposition.

"'[A]ll litigants, including pro ses, have an obligation to

comply with court orders.'" <u>Minotti v. Lensink</u>, 895 F.2d 100, 103 (2d Cir. 1990) (quoting <u>McDonald v. Head Criminal Court Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988)).  Failure to obey a court order may result in sanctions, including dismissal of the case with prejudice.  See <u>Agiwal v. Mid Island Mortg. Corp.</u>, 555 F.3d 298, 302 (2d Cir. 2009) (<u>Pro</u> <u>se</u> parties "are not immune to dismissal as a sanction for noncompliance with a discovery order.")  Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders ... [including] dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).  A district court may also dismiss an action if a party fails to attend a deposition of that party.  See Fed. R. Civ. P. 37(d).  Dismissal of a pro se litigant's action may be appropriate provided that the court has warned the <u>pro</u> <u>se</u> litigant "that non-compliance can result in dismissal." <u>Valentine v. Museum of Modern Art</u>, 29 F.3d 47, 50 (2d Cir. 1994).

    The court issued two orders permitting the defendants to depose the plaintiff on November 21, 2008.  On that date, the plaintiff refused to be questioned by counsel for the defendants and left the room where the deposition was to take place.

    The plaintiff contends that he has a right under the Vienna Convention to have a consular official present at his deposition

6

and that a vice consul from the Bahamian Consulate agreed to be present at his deposition.  He argues that the court should not dismiss the case for his failure to answer questions at his deposition because he invoked his right to have a vice consul from the Bahamian Consulate present and the defendants denied him that right by informing Vice Consul Poitier that her presence was unnecessary.

Counsel for both the state and federal defendants deny having spoken to or otherwise communicated with anyone from the Bahamian Consulate at any time prior to or after the deposition. Case Manager Houser has also denied that he spoke to or provided information regarding the plaintiff's case, the deposition or the names and telephone numbers of the defendants' legal representatives to anyone at the Bahamian Consulate on November 6, 2008.

The defendants cite <u>Torres v. Levesque</u>, No. 3:00cv2295 (GLG) (D. Conn. Sept. 14, 2001) (ruling dismissing case for plaintiff's failure to cooperate in deposition), <u>aff'd</u>, Nos. 01-253 (2d Cir. Nov. 26, 2002) and <u>Oliphant v. Armstrong</u>, No. 3:02cv947 (PCD) (D. Conn. Aug. 11, 2004) (order dismissing case for plaintiff's failure to answer questions at his deposition) and several other Second Circuit cases.  In all of these cases, however, the district judges had warned the plaintiffs prior to dismissing their cases that their failure to fully participate in their

7

depositions would result in dismissal.  See Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 766 (2d Cir. 1990) (affirming dismissal of pro se action because plaintiff had been warned that failure to appear for deposition could result in dismissal); Minotti, 895 F.2d at 103 (dismissal upheld for refusal to heed discovery orders on four separate occasions despite court's postponement of deadlines and repeated warnings); Baba v. Japan Travel Bureau Int'l, Inc., 165 F.R.D. 398, 402-04 (S.D.N.Y. 1996) (prior to dismissal of case with prejudice, judge repeatedly warned plaintiff that failure to answer deposition questions could result in dismissal), aff'd, 111 F.3d 2 (2d Cir. 1997)).

    Here, the plaintiff was not warned by the court that his failure to participate fully in his deposition would result in the dismissal of this action.  Nor can the court conclude, based on this record, that the Vice Consul from the Bahamas Consulate did not tell the plaintiff something that caused him to believe that he had been unfairly deprived of the benefits of the Vienna Convention.  Also, the court notes that the plaintiff made a request to call the Bahamas Consulate on November 20, 2008 but his request was denied, and the reason given for the denial raises more questions than it answers.  Thus, an evidentiary hearing would be required before the court can conclude that the plaintiff has engaged in conduct that merits dismissal of his

claim with prejudice.  Therefore, the motion to dismiss is being denied without prejudice, and the defendants are authorized to reschedule the plaintiff's deposition promptly, if they still wish to depose him.

III. **Conclusion**

Defendants' Motion to Dismiss [**doc. #101**] for plaintiff's failure to participate in his deposition is hereby **DENIED** without prejudice to renewal in the event the plaintiff's deposition is rescheduled.  **The defendants shall reschedule the plaintiff's deposition for a date on or before December 15, 2009,** if they still wish to take his deposition.

Although the plaintiff contends that he has a right to have a consular official present at his deposition, neither the Vienna Convention nor the documents attached to his response to the motion to dismiss support this contention.  Consular officials have the right to communicate with and visit detained foreign nationals and may arrange for their legal representation, but they are not  required to secure legal representation for or permitted to act as attorneys for their nationals.  See Pl.'s Mem. Opp'n Mot. Dismiss, Ex. 4; Vienna Convention, 21 U.S.T. at 100-102.

If the plaintiff wishes to have an official from the Bahamas Consulate present at the re-noticed deposition, he must submit a written affidavit, declaration or letter from an official from

9

the Consulate stating that he or she intends to be present at the deposition.  This written document must include the address, telephone number and email address at which the Consular official can be reached, and must be served on counsel for the defendants and be received by the court **on or before November 1, 2009.**  If the plaintiff learns that no official from the Consulate intends to be present at the deposition, he must file a notice with the court, with a copy to counsel for the defendants, reflecting this fact **on or before November 1, 2009.**  If no document from a Consular official is filed by **November 1, 2009,** the court will assume that no Consular official intends to be present at the plaintiff's deposition.

**The plaintiff is warned that if he fails to attend, answer questions fully or otherwise participate fully in the deposition, the case will be dismissed, with prejudice, without further notice from the court.**

It is so ordered.

Signed this 28th day of September, 2009 at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge