UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALA-THIEL THOMPSON, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:04CV2084(AWT) |
| THERESA C. LANTZ, et al., | : | |
| Defendants. | : | |

## RULING

The plaintiff, a federal inmate proceeding pro se, brings this action against certain employees of the State of Connecticut Department of Correction ("state defendants") and of the Federal Bureau of Prisons ("federal defendants") alleging violation of his constitutional rights. The plaintiff alleges, inter alia, that as a result of an allegedly false 1991 incident report while he was confined at MCC-Miami, he has been improperly disciplined, classified and transferred. In addition he challenges a detainer lodged against him by the Bahamas, the pendency of which adversely affects his security classification and conditions of confinement. Pending before the court are "plaintiff's motion requesting denial of [federal] defendants' motion for summary judgment and for extension of time" (doc. #144) and "plaintiff's motion to compel the federal defendants." (Doc. #156.)

## Federal Defendants

The federal defendants are the United States Bureau of Prisons ("BOP"), Harley Lappin, the Director of the BOP, Harrell Watts, the

Administrator of National Inmate Appeals, G. L. Hershberger, Regional Director of the North Central Regional Office, Russell Rau, Associate Warden at USP Marion and Thomas Wilson, a corrections officer at MCC-Miami, who authored the 1991 incident report.

On September 25, 2009, the undersigned permitted the plaintiff to serve 35 interrogatories (in addition to the 25 he already served) on each federal defendant. (Doc. #115.) On February 16, 2010, Chief Judge Alvin W. Thompson affirmed this ruling. (Doc. #129.)

On April 16, 2010, the federal defendants filed a motion for summary judgment. (Doc. #138.) Thereafter, on April 30, 2010, in a status conference on the record before the undersigned, the plaintiff indicated that he had served the federal defendants with the additional interrogatories in October 2009 but had not received responses. (Doc. #148, tr. 4/30/10 at 21.) Counsel for the federal defendants said that he had not received them. (Id.) The plaintiff indicated that he had not filed a motion to compel.

On May 5, 2010, the plaintiff filed the instant "motion requesting denial of [federal] defendants' motion for summary judgment and for extension of time." (Doc. #144.) The plaintiff requests that the court deny the federal defendants' motion for summary judgment motion until they respond to his additional interrogatories. He states that he served the additional

2

interrogatories on October 20, 2009 but that the federal defendants have not responded. (Doc. #144 at 3.) The federal defendants filed a response stating, as they did in the status conference, that they had never received the interrogatories at issue. They requested that the plaintiff re-serve them. (Doc. #150.) Thereafter, in late May 2010, the plaintiff served the federal defendants with the additional interrogatories. On July 6, 2010, the federal defendants filed a notice of compliance in which they stated that they had responded to the plaintiff's interrogatories. (Doc. #155.)

On July 21, 2010, the plaintiff filed a response to the defendants' motion for summary judgment. (Doc. ##160-62.)

On July 12, 2010, after receiving the federal defendants' interrogatory responses, the plaintiff filed the instant motion to compel. (Doc. #156.) The plaintiff complains about the adequacy of the defendants' responses and requests that the court order the defendants to "genuinely respond to [his] interrogatories in full." (Doc. #156 at 4.) Attached to his motion are the responses of defendants Harley Lappin and Harrell Watts. The plaintiff does not specify which of the responses he is moving to compel.

Local Civil Rule 37 of the United States District Court for the District of Connecticut states that as to a motion to compel, the moving party shall submit a memorandum containing, among other things, a "specific verbatim listing of each of the items of

3

discovery sought . . . and immediately following each specification shall set forth the reason why the item should be allowed . . . ." D. Conn. L. Civ. R. 37. The plaintiff's motion does not comply with the Local Rule.

The court does not hold litigants proceeding pro se to the same standards that it holds attorneys. However, at a minimum, as the moving party, the plaintiff has the burden of informing the court why he believes the defendants' responses are deficient, why their objections are not justified and why the information he seeks through discovery is relevant to his legal claims. See, e.g., Williams v. Flint, No. S-06-1238, 2007 WL 2274520 at *1 (E.D.Cal. Aug.6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete."). The plaintiff has not made any argument in this regard. However, in view of the age of this case and in an effort to afford special solicitude to the pro se plaintiff, the court has reviewed the plaintiff's attached interrogatories and the defendants' responses thereto in order to determine whether any of the defendants' responses are somehow deficient.

The defendants are high ranking BOP officials located in Washington, D.C., and denied having personal knowledge as to many of the plaintiff's questions regarding the incident report at issue, his security classification and generally the specifics of

4

his claims. The court has reviewed the defendants' responses. Upon review, as to defendant Lappin, the court grants the plaintiff's motion to compel as to interrogatory #12 which asks for the number of complaints defendant Lappin received from the plaintiff while he was housed at Marion. The court denies the plaintiff's motion as to defendant Watts as the defendant's responses are responsive.

## Conclusion

The plaintiff's motion seeking the denial of the federal defendants' motion for summary judgment and an extension of time (doc. #144) is denied. As indicated, the plaintiff filed a response to the defendants' motion for summary judgment. (Doc. ##160-62.) The plaintiff's motion to compel (doc. #156) is granted in part and denied in part as set forth herein.

SO ORDERED at Hartford, Connecticut this 10th day of December, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge